gress passes an Act empowering administrative agencies to carry on governmental activities, the power of those agencies is circumscribed by the authority granted. This permits the courts to participate in law enforcement entrusted to administrative bodies only to the extent necessary to protect justiciable individual rights against administrative action fairly beyond the granted powers. The responsibility of determining the limits of statutory grants of authority in such instances is a judicial function entrusted to the courts by Congress by the statutes establishing courts and marking their jurisdiction. Cf. United States v. Morgan, 307 U.S. 183, 190, 191, 59 S.Ct. 795, 799, 83 L.Ed. 1211."

For the reasons stated, the injunction applied for will be denied and the suit will be dismissed.

Suit dismissed.

Bowles, D.C., 56 F.Supp. 278, decided herewith, and involves substantially the same questions. The facts are correctly stated in the decision on appeal, copy of which is attached to the answer; and plaintiff admits that the evidence taken before the Hearing Commissioner supports the findings there made. He asks an injunction on the same legal grounds as are relied on in the Carter case, but for the reasons stated in our opinion in that case, we think that the injunction should be denied and the suit dismissed.

Suit dismissed.

**S. L. MULLINAX, Plaintiff, v. Chester BOWLES, Individually and as Director of the Office of Price Administration, and His Successors in Office, Defendant.**

No. 463.

District Court, W. D. South Carolina.

July 14, 1944.

Hoke B. Black, of Greenville, S. C., for plaintiff.

Fleming James, Jr., Director Litigation Division, O. P. A., George Austin, Chief Civil Litigation Branch, O. P. A., and Harry L. Shniderman, Atty., O. P. A., all of Washington, D. C., and Charles B. Elliott, of Columbia, S. C., District Enforcement Atty., O. P. A., for defendant.

Before PARKER, Circuit Judge, and WYCHE and TIMMERMAN, District Judges.

PER CURIAM.

This is another suit to enjoin the enforcement of a suspension order entered by a Hearing Administrator of the Office of Price Administration on an appeal from a Hearing Commissioner. The case has been heard by a statutory court of three judges along with the case of Carter v.

**WILLIAMS et al. v. BOWLES, Price Adm'r, Office of Price Administration, et al.**

No. 685.

District Court, W. D. Kentucky, at Louisville.

July 6, 1944.

